**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Daniel H., <br><br>             Plaintiff(s), <br><br> vs. <br><br> Martin O'Malley, Commissioner of Social Security, <br><br>             Defendant(s). | 2:24-cv-00544-MDC <br><br> **ORDER** |

Before the court are plaintiff Daniel H.'s motion/application to proceed in forma pauperis (IFP) and complaint. ECF Nos. 1 and 1-1. This is a social security appeal and plaintiff is pro se. The Court grants plaintiff's IFP application.

**I.     Whether Plaintiff May Proceed in Forma Pauperis**

Plaintiff Daniel H. asserts in his application to proceed in forma pauperis that he is currently unemployed and that he receives $289 a month in public assistance. ECF No. 1. *Id.* Plaintiff's request to proceed in forma pauperis is granted.

**II.    Whether Plaintiff's Complaint States a Plausible Claim**

    **a.  Legal Standard**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### b. Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. ECF No. 1-1. Plaintiff asserts that he is disabled as that term is defined in the Social Security Act, and that he filed an application for disability insurance benefits. *Id*. The Commissioner denied the application. *Id*. He argues that the Administrative Law Judge abused his discretion. *Id.* at 3. Plaintiff has appealed the decision of the Commissioner to this Court. *Id.*

Plaintiff may appeal to this Court the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433. This court has jurisdiction over the matter. *Id*. Construing plaintiff's allegations in the light most favorable to plaintiff, the Court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.
2. The Clerk of the Court is directed to file the complaint (ECF No. 1-1). The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for

Social Security Actions under 42 U.S.C. § 405(g).

3. Plaintiff shall familiarize himself with the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) found in the Federal Civil Judicial Procedure and Rules 2022 Revised Edition. As stated above, these Rules pertain to service (Rule 3), the answer, motions and timing (Rule 4), and the motion, response and reply brief (Rules 6 through 8).

IT IS SO ORDERED.

DATED this 20th day of May 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge