**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Daniel H.,<br>　　　　　　　Plaintiff(s),<br>vs.<br>Martin O'Malley, Commissioner of Social Security,<br>　　　　　　　Defendant(s). | 2:24-cv-00544-MDC<br><br>**ORDER REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

　　　　Pro se plaintiff Daniel H. seeks review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. ECF No. 7.  The Court liberally construes plaintiff's related *Motion for Relief* (ECF No. 8) as a "motion to remand."  The Commissioner did not oppose plaintiff's petition or motion, but instead filed also filed a Motion to Remand (ECF No. 13) in which the Commissioner concedes that remand is required.   The Court, therefore, GRANTS the plaintiff's petition (ECF No. 7); the plaintiff's *Motion for Relief* (ECF No. 8) and the Commissioner's Motion to Remand (ECF No. 8). In sum, plaintiff has prevailed on his petition and the matter will be remanded as set forth in this order.

　　　　As the Court is remanding this case, the Court DENIES plaintiff's *Emergency Motion for an Extension of Time to Respond* as unnecessary. ECF No. 14.

## I.　BACKGROUND

　　　　Plaintiff filed applications for disability insurance benefits and supplemental security income benefits in October 2019, alleging disability beginning on August 11, 2011. AR 470-71, 474-82. The Social Security Administration denied plaintiff's applications initially and upon reconsideration, (AR 92-101, 103-12, 138-59, 160-81), and he then requested a hearing before an ALJ. AR 237-38. The ALJ held plaintiff's hearing in September 2021. AR 74-91. In October 2021, the ALJ issued a decision finding Plaintiff disabled from his alleged onset date through the date of the decision. AR 187-91. The

Appeals Council reviewed the ALJ's decision, concluded that it contained errors of law and was not supported by substantial evidence, vacated the decision, and remanded for further proceedings. AR 198-203. On remand, the ALJ held a hearing in March 2023, AR 55-73, and in May 2023, the ALJ issued a decision finding plaintiff not disabled from his alleged onset date through the date of the decision, (AR 24-45). Plaintiff requested review of the ALJ's decision (AR 468-69), but the Appeals Council denied his request in January 2024 (AR 1-4). Plaintiff subsequently sought judicial review pursuant to 42 U.S.C. § 405(g).

The Commissioner reviewed the record in this Court and determined that a voluntary remand is warranted in this case for two reasons. First, the ALJ's residual functional capacity ("RFC") finding did not adequately account for the physical limitations set forth in the medical opinion from Rachael L. Daley, NP. See AR 41-42, 1871-76. Second, the ALJ's RFC finding also did not adequately account for the physical limitations set forth in the prior administrative medical findings from State agency medical consultant Samuel Pak, M.D. See AR 39-40, 149-52, 171-74. The Commissioner believes that remand for further administrative proceedings is warranted so that an ALJ can reevaluate the medical opinion evidence and prior administrative medical findings in the record; reevaluate plaintiff's RFC; continue the sequential evaluation process as needed, including obtaining vocational expert testimony; and issue a new decision.

## II. DISCUSSION

### A. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). The "ordinary remand rule" — providing for remand for further proceedings — is "the proper course" in Social Security cases "except in rare circumstances[.]"

*Treichler v. Comm'r of Sec. Sec.*, 775 F.3d 1090, 1099 n.4 (9th Cir. 2014); see also *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (upon finding error in an agency decision, "the proper course, except in rare circumstances, is remand to the agency for additional investigation or explanation"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (describing remand for payment as an "extreme remedy").

When a plaintiff argues for payment of benefits instead of a remand for further proceedings, the Ninth Circuit applies a three-part test — the "credit-as-true" rule — to determine whether he qualifies for an award of benefits. See *Treichler*, 775 F.3d at 1100-01. A Court must determine whether:

1.  The ALJ "failed to provide legally sufficient reasons for rejecting evidence" in the administrative record, for example a claimant's testimony or a medical opinion;

2.  The record "as a whole is free from conflicts, ambiguities, or gaps" and "has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and

3.  It is clear from the record that the ALJ would have to conclude that the claimant is disabled if the improperly rejected evidence were credited as true.

*Id.* at 1100-01, 1103-04 (internal quotation marks and citations omitted). An "ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Treichler*, 775 F.3d at 1106. An improper or incomplete analysis of an issue is the kind of error that warrants further consideration, not a default judgment of disability. See *Brown-Hunter*, 806 F.3d at 495 ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error."). Even if all three elements of the credit-as-true test are met, a court must still remand for further proceedings if "an evaluation of the record as a whole creates serious doubt" that the claimant is entitled to immediate

payment of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014); see also T*reichler*, 775

F.3d at 1101 (a Court may only apply the credit-as-true rule if "the record, taken as a whole, leaves not

the slightest uncertainty as to the outcome of the proceeding") (cleaned up).

### B.  Analysis

The Commissioner concedes that remand is required for an ALJ to (1) reevaluate the medical

opinion of Ms. Daley; and (2) reevaluate the prior administrative medical findings from Dr. Pak. The

Court finds that the proper remedy in this case is to remand for further administrative proceedings.

Remand for further proceedings is appropriate because the administrative record raises some doubts that

plaintiff was disabled. Analyzed together, plaintiff's medical records and the State agency doctor's

finding that plaintiff could work also create some doubts that plaintiff was disabled. See AR 38-42. See

also *Washington v. Kijakazi*, 72 F.4th 1029, 1041 42 (9th Cir. 2023) (affirming decision to remand case

for further administrative proceedings where the record contained conflicting medical opinions about

whether the claimant could work); *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (case

remanded for further administrative proceedings, in part, because the record included "reports from two

non-examining physicians" who found claimant could work). The record supports the ALJ's conclusion

that, although plaintiff experienced symptoms from his impairments, he still retained the ability to work

with the significant limitations detailed in his RFC. See *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

1989) ("[M]any medical conditions produce pain not severe enough to preclude gainful employment.");

see also *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is

insufficient proof of a disability[.]").

The ALJ found that plaintiff's physical examinations were mostly within normal limits and

"generally unremarkable[,]" and that plaintiff responded well to medication and treatment. AR 34-42;

see also, e.g., AR 1444, 1455, 1458, 1757-58, 2168, 2190, 2197, 2202, 2207, 2212, 2217, 2222, 2227,

2232, 2236-37, 2241-42, 2245-46, 2250-51, 2255-56, 2261-62, 2333-38, 2366-67. Plaintiff also denied

experiencing psychiatric or behavioral symptoms. AR 29-31. The State agency medical consultant, Dr. Pak, found that Plaintiff could work with limitations. Given those facts, this is not one of the rare and extreme cases where "the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding[.]" *Treichler*, 775 F.3d at 1101 (internal quotation marks omitted). As such, remand for further proceedings is appropriate.

### C.  CONCLUSION

The Court remands this case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), subject to the proposed conditions for remand above. Upon remand, the Appeals Council shall instruct the Administrative Law Judge to: (1) reevaluate the medical opinion evidence and prior administrative medical findings in the record; (2) reevaluate plaintiff's RFC; (3) continue the sequential evaluation process as needed, including obtaining vocational expert testimony; and (4) issue a new decision.

**IT IS ORDERED that:**

1.  Plaintiff Daniel H.'s *Petition* (ECF No. 7) is GRANTED.

2.  The Commissioner's *Motion to Remand* (ECF No. 13) is GRANTED.

3.  Plaintiff's *Motion for Relief* (ECF No. 8), to the extent plaintiff seeks to have this case remanded, is GRANTED.

4.  Plaintiff's *Emergency Motion for an Extension of Time to Respond* (ECF No. 14) is DENIED as unnecessary.

5.  The Court REMANDS this case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

6.  The Clerk of Court is DIRECTED to enter final judgment VACATING the decision of the Commissioner of Social Security and REMANDING this case for further proceedings

consistent with this Order.

DATED August 6, 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge